**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                    Cr. No.  24-20149-MSN

KYL ALTON HALL,

       Defendant.

**ORDER DIRECTING TRANSPORTATION OF DEFENDANT TO FACILITY
DESIGNATED TO CONDUCT PSYCHIATRIC OR PSYCHOLOGICAL
EXAMINATION UNDER 18 U.S.C. § 4242**

Before the Court is Defendant's Motion for Examination ("Motion"), originally filed September 9, 2024.  (ECF No. 12).  That motion was granted and Defendant was ordered to be evaluated both for competency and sanity at the time of the offense on that same date. (ECF No. 13). Two subsequent Orders were issued for evaluation and directing the United States Marshals ("USM") to transport the Defendant for further evaluation. (ECF Nos. 42 and 43). A subsequent Motion to Amend that Order was filed on September 23, 2025, and granted on September 24, 2025. ECF Nos. 46 and 47). Defendant has been evaluated for competency and has been found to be not competent by the staff of the Federal Bureau of Prisons ("BOP"); however, the BOP did not complete the evaluation of Defendant's sanity at the time of the offense. (ECF No. 49). The Court again found the Motion well taken, and on October 29, 2025, the Court entered an Order that granted the Motion, ordered Defendant to remain in the custody of United States Marshals Service ("USMS") to await designation by the Bureau of Prisons ("BOP") for confinement in a suitable facility for the purpose of conducting a psychiatric or psychological examination under 18 U.S.C.

§ 4241-4242 and for treatment and restoration of competency, as indicated, and ordered USMS to notify the Court once the BOP had designated the facility to perform the examination. The Court received notice that the BOP has designated FMC Butner as the facility where Defendant will undergo a psychiatric or psychological evaluation. Now, therefore, the Court **ORDERS** pursuant to Title 18, Sections 4242(a), 4247(b), and 4247(c) of the United States Code, as follows:

1.    The USMS in Memphis, Tennessee, in conjunction with the BOP shall, within 10 days of the date of this Order, transport Defendant to FMC Butner, for a mental health evaluation.

2.    The purpose of the evaluation shall be

    a.  for conducting psychiatric or psychological examinations by one or more licensed or certified psychiatrists or clinical psychologists; and

    b.  for the purpose of restoring Defendant to competency; and

    c.  after restoring Defendant to competency, for examination for the purpose of determining whether the Defendant was insane at the time of the alleged offense; and

    d.  preparing a list of medications for the purpose of continued stability and competency of Defendant while detained for the remainer of this prosecution.

3.    Pursuant to Rule 12.2(c) for the Federal Rules of Criminal Procedure, Defendant shall submit to such examinations as ordered above.

4.    The examiner or examiners designated to conduct such examinations shall, pursuant to 18 U.S.C. § 4247(c), file with the Court as soon as possible after the completion of such examinations, a report of their examinations with copies provided for Defendant and counsel for the United States, and said report shall include:

a.  examiners' opinions as to Defendant's restoration of competency and current status;

b.  examiners' opinions as to Defendant's sanity at the time of the alleged offense; and

c.  examiners' opinions as to proper medications necessary to maintain Defendant's competency and mental well-being.

5.  Defendant shall be committed to the custody of the Attorney General for the purpose of such examinations for a reasonable period of time, but not to exceed 30 days, pursuant to 18 U.S.C. § 4247(b), and shall be returned to the custody of the United States Marshal after such examinations and treatment are completed.

**IT IS SO ORDERED** this 6th day of January, 2026.

s/Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

3